Reese. J.
delivered the opinion of the court.
This suit is brought to recover from the defendants the value of six fifty dollar notes, which were the property of the plaintiff, and which are alleged to have been issued by the defendants, and to have been destroyed on board the steamboat Cumberland when that boat was consumed by fire at New Orleans in 1838. There is in the bill no description of the notes by date, number or letter.
The defendants allege in their answer that they have no Imowledge or belief on the subject of the notes, or their loss or destruction; that they keep a register of the notes issued by them, specifying the dates, numbers and letters, and to whom payable; and that they have issued upwards of six thousand of the value of fifty dollars each, of varying dates, numbers, and letters, some made payable to bearer and some to individuals, and they could not safely pay claims such as that of the plaintiff without indemnity; and that from the number of notes issued by them of the same amount, they could not, without a specific description of the notes alleged to have been lost, be indemnified. There is but one witness, the clerk of the boat at the time of its destruction. He states that he had locked up in the desk in the clerk’s room six fifty dollar notes, signed by the president and cashier; that he does not remember the dates, numbers or letters, for he did not notice them very particularly; he believes the signatures to have been genuine; has deposited notes in the bank and had received notes from the bank, and is acquainted with the hand-writing of the president and cashier. As to the loss and destruction, he says he removed the iron chest, and before he could return to remove the desk he was intercepted by the fire, and the desk and its contents were consumed with the boat. Two questions have been discussed in the present case: first, as to grounds of jurisdiction upon which a court of equity proceeds in granting relief in cases of lost bonds and other instruments. We take it that the jurisdiction in chancery had its origin in the fact that as at law proferí must have been made, and in case of a lost bond could not be made, the court interposed on *150 the ground of the accident; and when afterwards courts of law permitted the proferí in such cases to be dispensed with, courts of chancery doubted whether courts of law, according †0 course 0f their proceeding, could legally, give indemnity at all, and if they could, whether they could make that indemnity adequate and ample; and they retained and continued to exercise the jurisdiction upon that ground. We have no doubt of our jurisdiction in a case of this description in general; but the present ground of that jurisdiction, the power to grant indemnity when necessary, is said, secondly, practically to have failed in the present case; and that we think is so. The indemnity proposed by the chancellor, namely, that if, upon winding up the affairs of the bank as many as six fifty dollar notes should not be missing, is upon the slightest reflection manifestly illusory. But it is said as the notes were destroyed no indemnity is necessary; and this is true, if the notes were certainly genuine, and certainly destroyed. Here the bank instead of having the notes inspected by its officers to attest them genuine, is asked to rely upon the judgment of a stranger casually exerted and it may be imperfectly remembered; instead of having the notes delivered up to them, they have to rely upon the same testimony for the fact of their destruction.
We are of opinion then that where there is no testimony clearly tracing the notes to the bank, and identifying them as having been issued by the bank, there must be such certainty of description as will enable the bank to see that it has issued such notes, and as will enable this court to extend an adequate indemnity to the defendants. We can imagine cases in which, without such specific description, the notes being certainly identified and traced to the bank, an action at law might be maintained, possibly a suit in this court; but this case presents neither the one aspect nor the other which we have supposed necessary to ground the relief. We therefore dismiss the bill, but without costs.